Matter of Fortunato v Dappio (2024 NY Slip Op 00304)

Matter of Fortunato v Dappio

2024 NY Slip Op 00304

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-02495
 (Docket No. O-17883-22)

[*1]In the Matter of Loriann Fortunato, appellant,
v
John Dappio, respondent.

Salvatore C. Adamo, New York, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of protection of the Family Court, Suffolk County (James W. Malone, J.), dated February 16, 2023. The order of protection, insofar as appealed from, after a hearing, directed the respondent to refrain from only certain conduct with respect to the petitioner and the petitioner's child only until and including February 16, 2024.
ORDERED that the order of protection is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing that it shall remain in effect until and including February 16, 2024, and substituting therefor a provision providing that it shall remain in effect until and including February 16, 2025, and (2) by adding thereto a provision directing the respondent to stay away from the home, school, business, and place of employment of the petitioner and the petitioner's child until and including February 16, 2025; as so modified, the order of protection is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this family offense proceeding against the respondent, her former boyfriend with whom she resided, alleging, inter alia, that the respondent committed an act of domestic violence on November 30, 2022. The petitioner requested an order of protection directing the respondent to stay away from the petitioner and the petitioner's child for a period of two years. After a hearing, the Family Court found that the respondent had committed a family offense against the petitioner on November 30, 2022, and issued an order of protection directing the respondent to refrain from assault and acts of physical violence, among other things, against the petitioner and her child for a period of one year.
The evidence established that the respondent had engaged in physical violence against the petitioner, including by striking the petitioner in the head with a heavy metal object. Thus, a directive to the respondent to stay away from the petitioner and her child for a period of two years was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the family disturbance (see Family Ct Act § 842[a]; Matter of Mistretta v Mistretta, 85 AD3d 1034, 1035).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court